IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DENNIS RAY STINSON                                                                          PLAINTIFF

v.                                  Civil No. 6:22-CV-06076-SOH-BAB

JUDGE RALPH OHMS, *et. al.*                                                             DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on July 7, 2022. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application and an Amended Complaint by July 28, 2022. (ECF No. 4). The Order directed the Clerk to send Plaintiff the Court-approved IFP and § 1983 Complaint forms, and provided detailed instructions as to what information was necessary in the Amended Complaint. In particular, the Court noted the following deficiencies with his Complaint:

> In his Complaint, Plaintiff has listed multiple Defendants but has failed to set forth facts stating how each Defendant violated his federal constitutional rights. Additionally, Plaintiff has submitted a page entitled "file charges on all" and provided a list of names. Plaintiff must clarify whether he believes these individuals violated his federal constitutional rights.

(ECF No. 4 at 2). Plaintiff was further advised that:

1

> In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.
>
> Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim.

(*Id*. at 2). Finally, Plaintiff was advised that his case would be subject to dismissal if he failed to submit the required documents by the deadline. (*Id*. at 3). On July 7, 2022, the Clerk sent Plaintiff the Court-approved § 1983 form, the District's § 1983 Prisoner Litigation Guide, and a blank IFP application. Both the Complaint form and the Prisoner Guide provide contain detailed instructions designed to aid prisoners in completing court documents correctly.

Plaintiff submitted his IFP application on July 14, 2022, and was granted IFP status on July 18, 2022. (ECF Nos. 5, 6). Plaintiff failed, however, to submit an Amended Complaint. The Court entered a Show Cause Order on August 5, 2022, directing Plaintiff to explain his failure to submit an Amended Complaint by August 26, 2022. (ECF No. 8).

Plaintiff filed his Response on August 8, 2022. (ECF No. 9). Plaintiff did not provide any explanation for his failure to submit his Amended Complaint by the deadline. (*Id*.). Instead, he submitted a document written on both lined and blank notepaper instead of the Complaint form. (*Id*.). On the section at the top of the first page, which is loosely formatted as a case caption, Plaintiff lists "Virgina Inn Science, Wyandutte Nation," and himself as Plaintiffs. (*Id*. at 1). He lists Amazon, Vector Security Inc, the City of Kansas City, Kansas, and RFID Autism Device Slavey, et. al. as Defendants.[1] (*Id*.) The apparent case number provided is "No-01-2303cm."

---

[1] There are other illegible markings in the caption that are not included here.

(*Id.*).  In the right corner of the caption, Plaintiff states "'Jury Trail.' X-Rays Jail has 9.'  (*Id.*).  Plaintiff then provides a six-page list of names with either phone numbers or various renditions of addresses.  (*Id.* at 1-6).  The Court can discern no factual allegations within this list.  Thus, to the extent Plaintiff's Response can be interpreted as an Amended Complaint, and to the extent it can be understood at all, it fails to state a claim upon which relief may be granted.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders to provide an Amended Complaint, despite being given detailed instructions and two opportunities to do so.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of August 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4